UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER LEHMAN, BOOKING #98719509,<br><br>         Plaintiff,<br><br>v.<br><br>BRUCE V. FOERESTER, M.D.,<br><br>         Defendant. | Case No.: 22-CV-1147 JLS (AGS)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)** |

   Plaintiff Christopher Lehman ("Plaintiff"), detained at the Western Region Detention Facility in San Diego, California, is proceeding pro se with a civil rights Complaint. *See* ECF No. 1 ("Compl."). Plaintiff claims he was denied his right to adequate medical care because he entered the Western Region Detention Facility with broken bones in the middle finger of his left hand and referred to outside surgery by Bruce V. Foerester, M.D. ("Defendant"), the only Defendant named in the Complaint, who committed medical malpractice. *Id*. at 3–4. Plaintiff has not paid the civil filing fee required by 28 U.S.C. § 1914(a) and has instead filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant

to 28 U.S.C. § 1915(a).  *See* ECF No. 2 ("IFP Mot.").  Having carefully reviewed Plaintiff's Complaint, his IFP Motion, and the law, the Court **GRANTS** Plaintiff's IFP Motion and **DISMISSES** his Complaint **WITH LEAVE TO AMEND**.

### MOTION TO PROCEED *IN FORMA PAUPERIS*

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1]  *See* 28 U.S.C. § 1914(a).  An action may proceed despite the party's failure to prepay the entire fee only if leave to proceed IFP is granted pursuant to 28 U.S.C. § 1915(a).  *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007).

Prisoners seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005).  From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. §§ 1915(b)(1) & (4).  The institution collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid.  *See id*. § 1915(b)(2).  A prisoner plaintiff remains obligated to pay the entire fee in monthly installments, regardless of whether the action ultimately is dismissed.  *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); 28 U.S.C. §§ 1915(b)(1) & (2).

As defined by the Prison Litigation Reform Act ("PLRA"), a "prisoner" is "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52.  *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915(h).  A person detained and subject to removal or deportation, however, is not a "prisoner" under § 1915(h), "so long as he does not also face criminal charges." *Agyeman v. INS*, 296 F.3d 871, 885–86 (9th Cir. 2002).

Plaintiff provides no details regarding the reason for his incarceration at the Western Region Detention Facility at the time he initiated this action, other than that he "is in jail." Compl. at 7.  If Plaintiff is detained by the United States Immigration and Customs Enforcement pending removal without criminal charges and does not qualify as a "prisoner" as defined by 28 U.S.C. § 1915(h), the filing fee provisions of 28 U.S.C. § 1915(b) would not be applicable to this case.  *Agyeman,* 296 F.3d at 885–86.  A review of Plaintiff's affidavit of assets, *see* IFP Mot. at 1–5, shows he is unable at this time to pay the fees or post securities required to maintain a civil action.  *See* S.D. Cal. CivLR 3.2(d).  Accordingly, the Court **GRANTS** Plaintiff's IFP Motion.[2]

**SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(E)(2)(B)**

**I.  Standard of Review**

Irrespective of whether Plaintiff is a prisoner or a civil detainee, a complaint filed by *any* person proceeding IFP is subject to dismissal sua sponte if it is "frivolous, [is] malicious, fail[s] to state a claim upon which relief may be granted, or seek[s] monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"); *Lopez v. Smith,* 203 F.3d 1122, 1127

///

---

[2] If Plaintiff were a prisoner within the meaning of the PLRA filing-fee provision, the Court still would grant him leave to proceed IFP.  However, based on his certified trust account statement, *see* IFP Mot. at 5, an initial payment of $6.89 would be due, and Plaintiff would remain obligated to pay the remaining $343.11 in monthly installments even if this action ultimately is dismissed.  *Bruce*, 577 U.S. at 84; 28 U.S.C. §§ 1915(b)(1) & (2).  The Court may determine at a later time whether such fees must be collected.

(9th Cir. 2000) (en banc) ("[S]ection 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting that standard. *Id*.

## II. Plaintiff's Allegations

Plaintiff alleges that when he arrived at the Western Region Detention Facility, which he refers to as the "GEO Detention Facility," on May 2, 2022, he had broken bones in the middle finger of his left hand and was sent for surgery to Defendant. Compl. at 3. Plaintiff alleges Defendant "told me he could fix my finger and that he had done this type of operation thousands of times. He told me he had to re-break my finger then put pins in it." *Id*. Plaintiff returned from surgery on June 4, 2022, and two weeks later asked a nurse to re-wrap his hand, which had his broken middle finger wrapped together with his ring and pinky fingers, because the wrapping was coming loose from not being changed. *Id*. As his hand was rewrapped, Plaintiff noticed his middle finger "was not healing right because it was crooked to the right and stuck in a curve." *Id*. Plaintiff also complained at that time he was in a lot of pain and his hand felt infected, but "GEO told me they can't do nothing" and that Plaintiff had to wait to see Defendant again. *Id*.

Plaintiff was next seen by Defendant "sometime in June," at which time Defendant said he would perform another surgery after the crooked finger healed. *Id*. Defendant then wrapped Plaintiff's hand with his middle and index fingers together. *Id*. "Back at GEO I told them my hand really hurts bad," but prison authorities told Plaintiff he would have to wait to see Defendant again. *Id*.

Plaintiff was seen by Defendant on July 8, 2022, who:

> told me that I had a pin track infection that's why my finger is swollin [sic] so big. He took my pins out and did not numb my finger like I asked him to. But before that he took xrays again and told me that my finger keeps giving him problems and has heald [sic] crooked. He then look[ed] mad then took my pins out really really slow making me cry and scream, while laughing at me calling me a baby, and made the comment it's not like I'm torturing you and smiled. Once he took the pins out my finger was stuck in a curve like it is now and crooked to the right and still big. He then rerap [sic] my index finger and middle finger [and said] I would be coming back for another surgery. Today is 7-27-22 and I still am in more pain then before the surgery. My finger looks swollen big, stuck in a downward curve and is crooked. I'm left handed. I have been through so much pain since this has happened I can barely write can't grip and sharp pains keep coming out of know were [sic]. I will not even be able to continue to work in construction like I have because I can't even grip a hammer. I do not feel safe going back to Mr. Forester for another surgery to be put back asleep to work on me again. Can someone help I'm so stressed and have been through so much pain behind this.

*Id*. at 4.

Plaintiff seeks an injunction preventing Defendant from operating on his finger again, surgery by another doctor, and compensatory and punitive damages. *Id*. at 8.

### III. Analysis

The Complaint indicates this action is brought under 42 U.S.C. § 1983. Compl. at 1. Section 1983 of title 42 of the United States Code "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or

statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). "Section 1983, however, provides no right of action against federal (rather than state) officials." *Russell v. U.S. Dep't of the Army*, 191 F.3d 1016, 1019 (9th Cir. 1999). Because Plaintiff is in federal custody and has named a federal rather than a state actor as a defendant, his Complaint is properly construed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Van Strum v. Lawn*, 940 F.2d 406, 409 (9th Cir. 1991) ("Actions under § 1983 and those under *Bivens* are identical save for the replacement of a state actor under § 1983 by a federal actor under *Bivens*.").

Plaintiff alleges he was referred to Defendant by the GEO Group, Inc., a private corporation operating the Western Region Detention Facility under a contract with the federal government. Plaintiff may not assert a *Bivens* claim against GEO Group, Inc. *See Corr. Services Corp. v. Malesko*, 534 U.S. 61, 66–74 (2001) (*Bivens* liability does not extend to a private corporation operating a facility under contract with the federal government); *Agyeman v. Corr. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (same). With respect to Defendant, because he is alleged to be employed by GEO Group, Inc., Plaintiff's federal constitutional claims are required to be brought against him, if at all, pursuant to *Bivens*. *Agyeman*, 390 F.3d at 1104; *see also West v. Atkins*, 487 U.S. 42, 54 (1988) (private doctor hired to provide medical care to prisoners was state actor under 42 U.S.C. § 1983).

Prisoner medical care may amount to cruel and unusual punishment in violation of the Eighth Amendment when medical professionals are "deliberately indifferent" to an inmate's "serious" medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). However,

> [w]here, as here, a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law . . . , the prisoner must seek a remedy under state tort law. We cannot simply imply a *Bivens* remedy in such a case.

*Minneci v. Pollard*, 565 U.S. 118, 131 (2012). The Ninth Circuit has applied *Pollard* to

6

22-CV-1147 JLS (AGS)

preclude *Bivens* remedies for Eighth Amendment claims against employees of the GEO Group, Inc., in its capacity of operating a federal immigration detention facility. *See Karboau v. Clark*, 577 F. App'x 678, 679 (9th Cir. 2014) (affirming dismissal of Eighth Amendment claims against individual employees of GEO Group, Inc., because the exclusive remedy is pursuant to state tort law).

Although Plaintiff cannot bring a *Bivens* claim based on Defendant's alleged medical malpractice, he could sue Defendant in state court under state tort law for medical malpractice or negligence, or bring suit in federal court against the United States under the Federal Torts Claim Act ("FTCA"), with the option of joining Dr. Foerester or the GEO Group, Inc., as defendants and requesting the Court exercise supplemental jurisdiction over state tort medical malpractice and negligence claims against them. *See Agyeman*, 390 F.3d at 1103–04 (finding detainee in federal detention facility run by private corporation could not bring *Bivens* action against corporation or its employees but could have brought an FTCA suit with the option of joining the private corporation as a defendant and requesting the district court exercise supplemental jurisdiction over state tort claims) (citing *Malesko*, 534 U.S. at 66; 28 U.S.C. § 1346(b)(1) (stating that district courts shall have jurisdiction over civil actions against the United States for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred")).

To the extent a liberal construction of the Complaint indicates Plaintiff intended to bring an FTCA claim, the United States is the only proper defendant in such a suit. *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998). In addition to having failed to name the United States as a defendant in this action, the Complaint further fails to state an FTCA claim because it does not allege compliance with the FTCA's administrative claim exhaustion requirement. *See Gillespie v. Civiletti*, 629 F.2d 637, 640 (9th Cir. 1980)
/ / /

("The timely filing of an administrative claim is a jurisdictional prerequisite to the bringing of a suit under the FTCA, and, as such, should be affirmatively alleged in the complaint.").

Accordingly, the Court sua sponte **DISMISSES** the Complaint because, as currently drafted, it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Watison*, 668 F.3d at 1112. However, in light of Plaintiff's pro se status, the Court grants him leave to amend to attempt to sufficiently allege a claim if he can. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend [pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)] unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)).

## CONCLUSION

In light of the foregoing and good cause appearing, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed *in Forma Pauperis* (ECF No. 2);

2. **DISMISSES** the Complaint (ECF No. 1) **WITHOUT PREJUDICE** and with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

3. **GRANTS** Plaintiff <u>forty-five (45) days</u>' leave from the date of this Order in which to file a First Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to his original Complaint; any Defendants not named and any claims not realleged in the First Amended Complaint will be considered waived. *See* S.D. Cal. CivLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not realleged in an amended pleading may be "considered waived"). ***If Plaintiff fails to amend within the time provided, the Court will enter a final Order dismissing this civil action.*** *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not

/ / /

take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: October 13, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge